UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MARTIN, | Civil Action No. 16-3449(FLW) |
| Plaintiff, | |
| v. | |
| STATE OF NEW JERSEY, et. al., | MEMORANDUM OPINION |
| Defendants. | |

## I.     INTRODUCTION

Plaintiff Michael Martin is an inmate currently incarcerated at New Jersey State Prison in Trenton, New Jersey.  In his original Complaint, Plaintiff alleged that he suffered injuries when he was scalded by a defective hot water container at New Jersey State Prison.  In his Amended Complaint, Plaintiff reasserts these allegations along with new allegations of state and constitutional violations that have occurred since the filing of his original Complaint. Defendants State of New Jersey and New Jersey Department of Corrections ("NJDOC") have moved to dismiss the Amended Complaint against them "in its entirety" on the basis that they are not "persons" under 42 U.S.C. § 1983 or the New Jersey Civil Rights Act ("NJCRA").  The Court will grant the motion to dismiss with prejudice as to the § 1983 and NJCRA claims against the Moving Defendants.  Because the Court also construes Plaintiff to assert state law claims of negligence against the Moving Defendants under the New Jersey Tort Claims Act ("NJTCA"), and Moving Defendants have not addressed the NJTCA claims in their motion, the Court denies the Moving Defendants' motion to dismiss as to the remaining NJTCA claims.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court recounts only the facts necessary to resolving this motion and construes those facts liberally in light of Plaintiff's *pro se* status. According to the Amended Complaint, Housing Unit 2-A, which is Plaintiff's housing unit at NJSP, was not provided a hot water heater like other housing units in the facility, but instead was provided hot water that was placed in a container allegedly manufactured by non-moving Defendant(s) Cambra Manufacturing Company and/ or Plews & Edelmann. (*See* ECF No. 17, Am. Compl. at ¶ 30.) Plaintiff alleges that "[o]n or about February 5, 2015 Plaintiff . . . went to the hot water Cambro, put his container . . . under the spout, pushed down the faucet lever[,] and the faucet lever flew off the Cambra[,] and hot water started to shoot out." (*Id.* at 33.) The scalding water hit Plaintiff's knee and skin, causing him severe pain and ongoing irritation. (*Id.* at ¶¶ 34-36.)

Plaintiff states that the State of New Jersey owned and operated NJSP during the relevant time period. (*Id.* at ¶ 28.) Plaintiff further states that Defendants Antonio Campos, G. Lewis, S. Alaimo, Lt. Bundy, and SCO Gallagher were "responsible for and in control of providing hot water to the inmate populations at [NJSP] and in particular on housing unit 2-A." (*Id.* at ¶ 29.) Plaintiff alleges that Defendants State of New Jersey, New Jersey Department of Corrections, Antonio Campos, G. Lewis, Cambra Manufacturing Company, Plews & Edelman, SCO W. Gallagher, and Steve Alaimo were negligent and/or reckless in installing and maintaining the hot water machine. (*Id.* at ¶¶ 31-32, 38.) Plaintiff further alleges that these Defendants had actual and/ or constructive knowledge of the dangerous use of the hot water container (*id.* at ¶ 39) and failed to warn Plaintiff of the dangerous condition or correct the problem. (*Id.* at ¶¶ 40-42.) Plaintiff also alleges that he "served Notice of claim for his damages in the form prescribed by N.J.S.A. 59:8-4 upon the State of New Jersey and the New Jersey Department of Corrections"

and that "[m]ore than six months have passed since the service of [P]laintiff[']s Notice of Claim[,]" which "remains unsatisfied."  (*Id.* at ¶¶ 44-45.)

Plaintiff filed his original Complaint in the Superior Court of New Jersey, Law Division, Mercer County on or about February 12, 2016.  (*See* ECF No. 1, Notice of Removal at ¶¶ 1-2.) On May 18, 2016, the Complaint was served on the State of New Jersey and the NJDOC, who removed the action to federal court.  (*Id.* at ¶¶ 2, 5-7.)  Moving Defendants subsequently moved to dismiss the original Complaint on August 8, 2016.[1]  (ECF No. 7.)   On December 12, 2016, Plaintiff filed a motion for a Preliminary Injunction and Temporary Restraining Order ("TRO") seeking the return of legal materials that were allegedly taken from his cell by corrections officers on November 25, 2016, in retaliation for his filing of this legal action.  (*See* ECF No. 11.)  On January 5, 2017, the Court denied without prejudice Plaintiff's motion for a Preliminary Injunction and TRO but granted Plaintiff leave to submit an Amended Complaint to add allegations regarding the alleged retaliatory search of his cell and the taking of his legal materials.  (*See* ECF No. 14.)  On January 27, 2017, Plaintiff submitted his Amended Complaint. (ECF No. 17.)  On February 23, 2017, Moving Defendants filed a motion to dismiss the Amended Complaint.  (ECF No. 24.)  On March 3, 2017, Plaintiff submitted a "Motion for an Enlargement of Time" seeking additional time to submit opposition to Moving Defendants' motion on the basis that he needed his confiscated legal materials in order to respond to the motion to dismiss.[2]  (ECF No. 27, at ¶ 2.)

---

[1] The Court will deny the motion to dismiss the original Complaint as moot in light of Plaintiff's filing of an Amended Complaint and Moving Defendants' filing of a new motion to dismiss directed at the Amended Complaint.

[2] Plaintiff seeks to delay the Court's ruling on the motion to dismiss until the Court rules on what he describes as a "Motion for a Limited Temporary Restraining Order and Preliminary Injunction" seeking the return of Plaintiff's legal materials.  (*Id.* at ¶¶ 7-8.)  On February 16, 2017, Plaintiff submitted a document titled "Revised Order to Show Cause and Temporary

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012). In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  All reasonable inferences must be made in the plaintiff's favor.  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  In order to survive a motion to dismiss, the plaintiff must provide "enough facts

---

Restraining Order" which seeks return of his legal materials and other personal property, as well as other miscellaneous relief.  (*See* ECF No. 22.)  It is not clear whether this submission is an attempt to renew his motion for injunctive relief and/or a TRO.  As explained in this Opinion, however, Plaintiff claims under § 1983 and the NJCRA fails <u>as a matter of law</u> as to the State of New Jersey and the NJDOC; as such, the return of the allegedly confiscated legal materials will not assist Plaintiff in opposing the instant motion to dismiss, and the Court has no reason to delay its decision on the instant motion.

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create what amounts to a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss, Courts are required to liberally construe pleadings drafted by *pro se* parties.  *See Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.*  Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted.  *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)).  To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)).  Liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV.  ANALYSIS

With respect to the Moving Defendants, the Court construes Plaintiff to raise civil rights claims under § 1983 and the NJCRA, and state law tort claims under the NJTCA.  The Court first addresses the alleged violations of Plaintiff's civil rights followed by the state law tort claims.

a. **Civil Rights Claims Against Moving Defendants under § 1983 and the NJCRA**

Section 1983 "provides a remedy for the violation of rights created by federal law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a <u>person</u> acting under color of state law." *Velez v. Fuentes*, No. CV156939MASLHG, 2016 WL 4107689, at *2 (D.N.J. July 29, 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added)). Because the NJCRA was modeled after § 1983, "courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983" and "have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart." *Velez*, 2016 WL 4107689, at *5 (citing *Samoles v. Lacey Twp.*, No. 12–3066, 2014 WL 2602251, at *15 (D.N.J. June 11, 2014) (internal quotation marks omitted).

Moving Defendants contend that Plaintiff § 1983 and NJCRA claims against them must be dismissed because the State of New Jersey and the NJDOC are not "persons" amenable to suit under either Act.  Plaintiff has not opposed the motion, and has asked the Court to delay ruling on the motion until he is able to recover legal materials allegedly taken from his cell on November 25, 2016.  (*See* ECF nos. 27-28.)  As explained below, Plaintiff's § 1983 and NJCRA claims against the Moving Defendants fail as a matter of law because these entities may not be sued under § 1983 or the NJCRA; as such, the recovery of Plaintiff's legal materials will have no bearing on the viability of his § 1983 and NJCRA claims.  Plaintiff's motions for an extension of time and for a stay are therefore denied.  (ECF No. 27-28.)

It is well-established that the state and state entities are not "persons" subject to suit under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70–71 and n. 10

(1989); *Duran v. Merline*, 923 F. Supp.2d 702, 713, fn. 4 (D.N.J. 2013) (citing *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983); *Ingram v. Atl. Cnty. Justice Fac.*, Civ. No. 10–1375, 2011 WL 65915, *3 (D.N.J. Jan. 7, 2011) (citations omitted) (jail is not a person under section 1983); *Andre Simmons v. New Jersey Dep't of Corr.*, No. CIV.A. 14-7205 FLW, 2015 WL 3488137, at *3 (D.N.J. June 2, 2015) (same).  In an unpublished decision, the Third Circuit has likewise found that only "a person acting under color of law," is a proper defendant under the NJCRA. *See Didiano v. Balicki*, 488 F. App'x 634, 638–39 (3d Cir. 2012) (holding that the NJDOC is not a person under the NJCRA and thus cannot be sued under the NJCRA and affirming grant of summary judgment on § 1983 and NJCRA claims in favor of NJDOC and NJDOC official sued in official capacity).  As such, the Court will dismiss with prejudice the § 1983 and NJCRA claims as to Defendants State of New Jersey and NJDOC.

    **b.  Remaining NJTCA Claims Against Moving Defendants**

    As explained above, the Court will grant Moving Defendants' motion to dismiss with respect to § 1983 and NJCRA claims.  That is not the end of the matter because the Amended Complaint, construed liberally, also alleges claims for relief against the State of New Jersey and the NJDOC under the NJTCA, and Moving Defendants have not acknowledged or addressed these claims in their motion to dismiss, although they seek dismissal of the Amended Complaint "in its entirety".  (*See* ECF No. 24-1, Letter Brief in Support of Motion to Dismiss at 1.) Furthermore, remand to state court is not appropriate at this time, as the Amended Complaint alleges federal claims against other individual state Defendants who have not yet been served. As such, the motion to dismiss the Complaint in its entirety as to Defendants State of New Jersey and NJDOC is denied without prejudice at this time.

**V.**      <u>**CONCLUSION**</u>

Plaintiff's motions for an extension of time and a stay so that he may file his opposition to the Defendants' motion to dismiss are denied for the reasons stated in this Memorandum Opinion.  (ECF Nos. 27-28.)  The Moving Defendants' motion to dismiss the Amended Complaint (ECF No. 24) is granted as to § 1983 and NJCRA claims, as the State of New Jersey and the NJDOC are not "persons" amenable to suit under either Act.  The motion to dismiss the Complaint "in its entirety" as to the Moving Defendants is denied without prejudice, due to the remaining NJTCA claims.  An appropriate Order follows.




<u>/s/ Freda L. Wolfson</u>
Freda L. Wolfson, U.S.D.J.


Date: March 16, 2017